# SUPREME JUDICIAL COURT,

FOR THE

## EASTERN DISTRICT,

## 1852.

## COUNTY OF WASHINGTON.

### STATE *versus* PALMER *& al.*

35 c87    9 77

In an indictment, a count charging two distinct offences is bad for duplicity.

But a count, which *sufficiently charges one offence*, is not rendered bad by the addition of averments *insufficiently setting forth another offence.*

A count charged that the defendant, at, on, &c., being armed with a dangerous weapon, viz : a gun loaded with powder and ball, with force and arms an assault did make upon one M. M., in the peace of the State, with an intent to maim him, and did with said loaded gun then and there shoot, wound and maim him. *Held,* that the count sufficiently charged an assault with intent to maim, but did not sufficiently charge the crime of maiming, or any other crime punishable by law, and that therefore it was not bad for duplicity.

If a count be bad for charging two offences, *it seems,* that the objection should be taken by demurrer, or on motion to quash.

ON EXCEPTIONS from *Nisi Prius,* APPLETON, J., presiding.

INDICTMENT. The second count charged that the defend-

State *v.* Palmer.

ants, "being armed with a dangerous weapon, viz: a gun loaded with powder and ball, with force and arms, in and upon the body of one M. M., in the peace of the State then and there being, an assault did make with intent to maim him the said M. M., and him the said M. M., with the said loaded gun, the said defendants did then and there shoot and wound and maim, against the peace and the form of the statute."

The defendants were acquitted upon the first count and found guilty on the second. They thereupon moved in arrest of judgment : —

1. Because the offence is not set forth and described with sufficient accuracy in the indictment.

2. Because the indictment may be true, and yet the defendants be guilty of no offence described in the statute.

3. Because by the statute the offence of maiming consists in disfiguring or injuring the tongue, eye, ear, nose, lip, limb or member of the body. And the indictment does not specify any particular portion of the body maimed.

The motion was overruled, and the defendants excepted.

*Fuller* and *Harvey*, for the defendants.

The indictment alleges two offences in one count, and is therefore bad for duplicity.

1. It alleges an assault with an *intent* to maim.

2. It also alleges the offence of maiming, but in such a defective form, that it is not sufficient to sustain a conviction, to wit: in this, it does not specify, in the language of the statute, the part of the body *maimed*.

Where the law makes the *intent* to do an act punishable, and also the *act* itself punishable, and the *act* is consummated, the *intent* is merged in the *act*, and the latter is alone punishable; otherwise, the offender may be indicted and convicted of the intent, and also for the commission of the act. *Commonwealth* v. *Kingsbury*, 5 Mass. 106; *People* v. *Lambert*, 9 Cow. 593; *Commonwealth* v. *Atwood*, 11 Mass. 93; Archbold's Crim. Pl., (1st. ed.) 53, 58.

A conviction for maiming would be very clearly a bar to an indictment for intent to maim. But would a conviction of the *intent* bar a prosecution for the *act itself?* In the case at bar, the defendants were found guilty of maiming, if of any offence.

*F. A. Pike,* County Attorney, for the State.

Granting the positions assumed by the respondents' counsel in this case, 1, — that the count alleges an assault with an attempt to maim, and 2, that it alleges the offence of maiming defectively, and this case finds a perfect parallel in *Commonwealth* v. *Tuck,* 20 Pick. 356. In that case the allegations were, 1, — breaking and entering a shop alleged defectively, and 2, larceny in the shop well set forth.

The opinion of the Court in that case establishes these positions : —

1. That the objection comes too late. It should have been by motion to quash or to confine the prosecutor to one of the charges.

2. That a count charging *intent* is not vitiated by an allegation of doing the act.

Judge MORTON says, "an indictment setting forth that the defendant broke and entered the shop *with intent* to steal would be good. Can the addition of the fact that he *did steal,* which is the best evidence of his intention, vitiate the indictment? We cannot perceive it does."

If the offence of maiming is defectively set forth, as is alleged by the counsel, then it must go for nothing. A defective averment is no averment. *Commonwealth* v. *Hope,* 22 Pick. 8.

This indictment is good on § 29, c. 154, R. S. It uses the words of that section, and the description of the offence in the language of the statute defining it is sufficient. *People* v. *Pettit,* 3 Johns. 511.

The jury have found the defendants guilty under the second count only. What offence is charged in this count? The attorney for the defendants says it is *not* the offence of maiming. Very well. Then the jury have not found the

respondents guilty of maiming. In case of *Commonwealth* v. *Kingsbury*, 5 Mass. 106, which is relied upon by counsel, there were two offences well set forth, and the Attorney General admitted in the argument that the facts set forth in the indictment were sufficient to support the charge of larceny, and in that case the intent was merged in the act because the act was well charged.

The rule in Archbold, 53 and 58, where it is said that burglary and assault and battery are the only exceptions to the rule against duplicity in a count, is enlarged in *Tuck's* case, and for cause, as the same reason exists in every case where intent is charged which is followed by an allegation of doing the act. That case was neither assault and battery nor burglary and yet was held an exception.

The other case cited from 11 Mass. is overruled in *Tuck's* case and in *Hope's* case.

SHEPLEY, C. J. — The accused were found guilty on the second count in the indictment, which alleges, that they made an assault with a loaded gun, with an intent to maim Martin Magoon, and that with it they did then and there shoot, wound and maim him.

A motion was made in arrest of judgment, which was overruled.

The objection to the count, taken in argument is, that it is bad for duplicity.

An assault, being armed with a dangerous weapon, with an intent to maim, is made felony by statute, c. 154, § 29, and that offence appears to be sufficiently described. The offence described in the thirteenth section of the same statute is not sufficiently described in the latter part of the count. Nor is there any other offence punishable by our law therein described.

The question arises, whether a count describing one offence with sufficient accuracy, and containing no sufficient description of any other offence, is bad for duplicity? The case of *Commonwealth* v. *Atwood*, 11 Mass. 93, appears to have de-

cided that it is. The opinion states, that "a substantive charge, not sufficiently alleged in an indictment, can never be rejected as surplusage, for the reason that it may have been the ground of the conviction."

This may be correct when there is no other offence charged in the count; and in such case there would be no occasion to reject the averment as surplusage, for the count would be insufficient. When another offence is sufficiently described in the count, it is apparent that the defective allegations cannot have been the only ground of conviction.

The cases of *Commonwealth* v. *Tuck*, 20 Pick. 356, and *same* v. *Hope*, 22 Pick. 1, decide, that defective averments are in many respects no averments in contemplation of law. It is quite certain that no judgment can be sustained by virtue of them.

The accused could not have been subjected to any additional danger on account of the defective averments in the count, upon which they were found guilty. They were of no importance, and their insertion does not render the count bad for duplicity, for it does not contain a description of two different offences. It contains a description of one offence and some additional averments not describing any other offence. To constitute duplicity two offences must be sufficiently described. *Commonwealth* v. *Tuck.*

It is also insisted, that the offence of making an assault with a dangerous weapon with intent to maim, is merged in the commission of the offence. No other offence being charged in the count there can be no merger. Proof of the defective averments would be insufficient to prove the commission of another offence, in which the assault with intent to commit an offence could be merged.

If two distinct offences had been sufficiently described in the same count, it would seem that the objection should have been taken by a motion to quash or by a demurrer. *Commonwealth* v. *Tuck.*                    *Exceptions overruled.*

Tenney, Wells, Howard, Rice and Hathaway, J. J., concurred.