## STATE v. PERKINS.

A complaint, alleging that the respondent did unlawfully make a great
noise, brawl and tumult (under the Revised Statutes, ch. 113, sec. 1),
sets out but one offense, in proper form, and is sufficient.

APPEAL from the police court of Manchester. The
complaint charged that the respondent, " on the twen-
tieth day of February, in the year of our Lord one thou-
sand eight hundred and sixty, at the city of Manchester
aforesaid, in the county of Hillsborough aforesaid, did
unlawfully make a great noise, brawl and tumult, con-
trary to the form of the statute in such case made and
provided, and against the peace and dignity of the state."

The respondent moved to quash the complaint, which
motion being overruled, the respondent excepted.

*A. F. Stevens*, Solicitor, for the state.

*Cilley*, and *Eastman*, for the respondent.

NESMITH, J. This is a complaint founded upon the
violation of the first section of chapter 113 of the Re-
vised Statutes, and alleges that the respondent, at Man-
chester, in this county, on the 20th day of February,
1860, did unlawfully make a great noise, brawl and
tumult, contrary to the form of the statute, &c. The
respondent moves to quash the complaint, (1) because
brawls or tumults are separate offenses, and can not be
united in the same count; (2) because the complaint
does not follow the words of the statute, but describes a
different offense, being a compound matter not known to
the statute.

The language of the statute is, " That no person shall
make any brawls or tumults, in any street, lane, alley, or
public place." From this language, it is apparent that

State v. Perkins.

the legislature intended to provide for the punishment of but one and the same offense. The popular meanings of the words "brawls" and "tumults," are substantially the same and identical. They are correlative terms, the one employed to express the meaning of the other, and are so defined by approved lexicographers. Legally, they mean the same kind of disturbance to the public peace, produced by the same class of agents, and can be well comprehended to define one and the same offense. The whole design of this chapter is to provide means for punishing the minor offenses committed against good order and the police of our towns and cities.

By the examination of the statute, it will be seen that two or more unlawful acts, similar in character, differing slightly in degree and shades of meaning, are embraced in other sections of this act. They are embodied together, as descriptive of one and the same offense, and we think may properly be declared against in the same count or complaint, and the respondent can meet the charge by the same evidence, whether one or more words of the same section are adopted in the complaint, as charging the offense. The same construction of language is found in the statute punishing assault and battery. If any person shall assault or beat another, &c. Comp. Stat., ch. 232, sec. 1. The practice in complaints for assault and battery admits the charging of the offense in the form as adopted here. We perceive no substantial difference in the cases. Bell's Justice 360. The rules of law and good pleading expressly forbid that the offense be charged in the disjunctive. 1 Ch. Cr. L. 194. Hence the conjunctive word *and* is substituted for the disjunctive word *or* in the statute. This mode of declaring has the sanction of the judicial forms heretofore adopted in this state. Bell's Justice 402, 403.

*The motion to quash the complaint is denied.*