## STATE *v.* PEIRCE.

A complaint or indictment, under section 1, chapter 113, of the Revised Statutes, prohibiting rude, indecent, or disorderly conduct, which merely describes the offense in the language of the act, is defective, because it does not identify the acts complained of, or set forth the elements of the offense.

THIS was an appeal from a judgment of the police court of the city of Portsmouth. The complaint alleged in the first and second counts, that the defendant, on, &c., at, &c., "in a certain public street in said city of Portsmouth, called Congress street, was guilty of indecent and rude conduct, contrary to the form of the statute," &c. In the third count it was charged that the defendant, on, &c., at, &c., "was guilty of rude conduct." The defendant moved to quash the complaint because no offense was sufficiently described therein.

*A. R. Hatch*, for the respondent.

The defendant insists that the complaint does not contain that

full, plain, substantial, and formal description of the offense for which he is held to answer, to which he is entitled by the constitution of the State, and the ordinary administration of the criminal law. Bill of Rights, sec. 15. It does not appear of what "rude," or "indecent and rude conduct," the defendant is accused. It may be that the accuser gives that name to innocent acts; or the intention may be to accuse the defendant for words, such as are defined in the second section of the statute (Comp. Stat., ch. 119, sec. 2), or acts, such as are described in secs. 1, 2, and 3, of the same statute. Or the accuser may intend to prove the defendant guilty of some of the grave offenses charged in ch. 227, or ch. 233, of the Compiled Statutes. All crimes are "rude and indecent conduct." The defendant does not know to what he is to answer, nor can he plead his conviction or acquittal in bar to a new and more precise charge for the same offense. *Rex* v. *Robe*, 2 Str. 999; *Rex* v. *Sparling*, 1 Str. 497, which seems very much in point; *Davy* v. *Baker*, 4 Burr. 2471; *Rex* v. *Popplewell*, 1 Str. 676; *State* v. *Gary*, 36 N. H. 362. It is not sufficient in criminal pleading to follow literally the words of the statute. Otherwise, a charge that the defendant is "guilty of man-slaughter;" Comp. Stat., ch. 227, sec. 4; or that the defendant did "steal, take and carry away" some "money of the property of another;" Comp. Stat., ch. 229, sec. 14. See *Lord* v. *The State*, 20 N. H. 404; or that the defendant obtained money by false pretenses, without saying what pretenses; Comp. Stat., ch. 229, sec. 24. See *King* v. *Mason*, 2 T. R. 581; or that the defendant obstructed an officer "in the discharge of" some "duty of his office;" Comp. Stat., ch. 231, sec. 8; see *State* v. *Beasom*, 40 N. H. 374; *State* v. *Scammon*, 22 N. H. 44, might be held good. The present complaint is as indefinite as would be a charge that the defendant, at such a time and place "committed a crime," or "was guilty of a misdemeanor"; or that the defendant "did aid in the commission of an offense." Comp. Stat., ch. 235, sec. 1. What constitutes indecent or rude conduct is a question of law. But under the looseness of the present charge it must inevitably be referred to the jury.

*C. H. Bell*, Solicitor, for the State.

It is sufficient to employ the general terms of the statute, in charging certain offenses, where to set out the particulars would be merely to recite the evidence.

As in a case of an affray. Dav. Cr. Jus. 298; Whart. Prec. 489; Arch. Cr. Pl. 599. Disorderly conduct at election. Dav. Cr. Jus. 421. Disturbing religious meeting. Whart. Prec. 493. Common brawling, railing, begging, night walking. Dav. Cr. Jus. 517–519, 520. Lewdness, drunkenness, &c. Whart. Prec. 456, 457. Profane swearing in public street. Whart. Prec. 411. See, also, *State* v. *Prescott*, 33 N. H. 213. So in cases of attempts to induce others to commit offenses, the language of the precedents is general; "did entice, incite, and endeavor to persuade"; without setting out the particular acts. Indeed, the manner of committing offenses is in many cases not described in indictments. Thus, in larceny, it is sufficient to charge that the respondent "feloniously stole, took and

carried away." The particular method by which he obtained possession of the property; or, having possession, the acts he committed to constitute larceny, are never alleged; they are matters of proof only. The form employed in the case at bar, is believed to be that in common use, and is given in the "Justice and Sheriff."

There seems to be no more difficulty in this than in other cases, in pleading a former conviction or acquittal to the second charge for the same offense. Such plea in every case must contain an averment that the former and later charges are for one and the same offense, and not other and different. And if issue be taken upon the plea, the identity of the offenses must in all cases be shown by parol. In other words, it must be proved what particular facts were put in evidence upon the trial of the former indictment. The objection that under so general a charge the jury would have to find matter of law, is equally applicable to a great portion of other criminal cases. The court must instruct the jury what constitutes the offense in law; and they find whether or not the facts proved come up to the legal definition.

BELLOWS, J. The complaint in this case appears to be founded upon section 1, chapter 113, of the Revised Statutes, which provides, that "No person shall make any brawls or tumults, or in any street, lane, or alley, or other public place be guilty of any rude, indecent, or disorderly conduct, or shall insult, or wantonly impede any person passing therein; or shall throw any stones, bricks, snow-balls, or dirt, or play at ball or any game at which ball is used."

The complaint charges that the respondent, in a public street in Portsmouth, was guilty of indecent and rude conduct, contrary to the statute, without any further description of the acts complained of. And we are of the opinion that this is not the plain and substantial description of the offense which the law requires; inasmuch as it does not apprise the defendant of the precise nature of the charge, or enable the court to judge whether it be an offense or not; nor is it identified so that on a conviction under it, the plea of *autrefois convict* would be fairly brought within the prisoner's reach.

It is said, however, that this is a statute offense, and that it is sufficient to describe it in the language of the statute as is done here. In a general sense this may be true, when the offense is created by statute, and all its elements distinctly defined; but in this case the offense was not created by statute, but was indictable at common law. 2 Ch. Cr. Law 41; nor does the statute undertake to define it at all. The elements which constitute the offense must, therefore, be set out with such substantial certainty as to identify it, and apprise the defendant of what he is charged; and so are the forms given by Mr. Chitty before cited. In accordance with these views, it is held in Vermont and Massachusetts, upon indictments under statutes for publishing obscene books, as in the second section of our Revised Statutes before cited, the publications should be set out *in hæc verba*, unless too obscene to go upon the record, in which case the excuse should be stated, and such other general description given as the circumstances would admit.

*State* v. *Brown*, 27 Vt. 619; *Commonwealth* v. *Tarbox*, 1 Cush. 66. These general principles are also recognized in our own courts. *State* v. *Follett*, 6 N. H. 53; *State* v. *Ladd*, 32 N. H. 110; *State* v. *Prescott*, 33 N. H. 212; *State* v. *Gove*, 34 N. H. 511; *State* v. *Wentworth*, 37 N. H. 196. So, also, *Commonwealth* v. *Pray*, 13 Pick. 359, where it is held that it is usually not enough to describe the offense in the words of the statute; the established rules of pleading requiring the essential facts and circumstances to be set out. So is *Anthony* v. *State*, 29 Ald. 27; *State* v. *Raiford*, 7 Port. 10; *State* v. *Stedman*, 7 Port. 496; *State* v. *Raines*, 3 McCord 553; *Commonwealth* v. *Stone*, 7 B. Mon. 247; *Commonwealth* v. *Winslow*, 28 Pick. 374; *Commonwealth* v. *Odlin*, 23 Pick. 275. See, also, *United States* v. *Gosling*, 12 Wheat. 460–474.

The same general doctrine is to be found in the English authorities. In *Rex* v. *Sparling*, 1 Str. 497, which was an indictment under the statute of 19 Geo. 2, ch. 21, against profane cursing and swearing, it was held that it was not sufficient to allege that the defendant profanely swore 54 oaths, and profanely cursed 160 curses, *contra formam statuti*, but that such oaths and curses ought to be set out; because what is a profane oath or curse is matter of law. So is *Rex* v. *Popplewell*, 1 Str. 686. In *Davy* v. *Baker*, 4 Burr. 2471, which was an indictment under an act of Parliament of 2 Geo. 2, ch. 24, to prevent bribery at elections, enacting, "That if any person shall ask, receive, or take any money, or other reward, he shall forfeit £500, and be disabled to vote at any election," it was decided that an allegation that the defendant did receive a gift or reward, without specifying what he took or received as a reward, was bad, as not laid with sufficient certainty so as to be pleadable in bar in another proceeding. See, also, 1 Ch. Cr. Law 231, 232; 2 Hawk. P. C., ch. 25, sec. 59, and cases cited.

There is a class of cases where the offense, being of a complicated nature, and consisting of the repetition of divers acts in disturbance of the peace, it is not necessary to incumber the record with a statement of such acts; as a common barrator, a common scold, a keeper of a common bawdy house, or gaming house. In these and the like cases, the charge in the indictment may be in general terms to avoid prolixity, and without setting out that series of acts which constitute the offense which is punished by the statute. 2 Hawk. P. C., ch. 25, sec. 59; 1 Chitty Cr. Law 156–230; *State* v. *Prescott*, 33 N. H. 212. The authorities referred to by the solicitor are, many of them, of this character, and do not apply to the case before us.

The motion, therefore, of the defendant, must prevail, and the complaint

*Must be quashed.*