STATE v. ROLLINS.                    { DECEMBER 18, 1874.

A complaint for making a brawl or tumult is sufficient, if the offence be described in the words of the statute.

Such complaint will not be held bad for duplicity, because it contains in the same count a charge of another misdemeanor which is insufficiently described; but such imperfect allegation may be rejected as surplusage.

APPEAL from a justice of the peace. The complaint charged that the defendants, on, etc., at, etc., " in a certain public place, to wit, in a certain school-house in which a singing-school was then and there being held, did make a great brawl and tumult, and stamped their feet on the floor, hissed, used loud and saucy language, and were guilty of rude, indecent, and disorderly conduct. The defendants moved to quash the complaint, which motion was overruled, *pro forma*, and the defendants excepted.

*Solicitor, E. Fletcher,* and *Whidden,* for the state.

*Crawford,* for the defendants.

LADD, J.   This complaint is doubtless very inartificially and loosely drawn, but I am inclined to think it must nevertheless be sustained, as to the charge of making a brawl and tumult. It is settled that a complaint charging the making of a brawl and tumult, in the words of the statute, without any further specification of the facts relied on as constituting the offence, is sufficient. *State* v. *Perkins,* 42 N. H. 464. This complaint distinctly alleges that the defendants did make a great brawl and tumult, which is well enough, unless it is vitiated by what follows. The next sentence contains what appears to be an independent charge of certain specific acts,—that is, stamping, hissing, using loud language, etc. But this is not connected, either with what precedes or follows, in such way that it can be said to constitute a specification of any offence which the defendants are called upon to answer. Then comes another general charge, that they were guilty of rude, indecent, and disorderly conduct. Rude, indecent, and disorderly conduct is a separate and independent offence, under the same section of the statute. But that offence is not sufficiently charged in the complaint—*State* v. *Peirce,* 43 N. H. 273 ; so that the complaint is not, after all, open to the objection of duplicity. *Com.* v. *Tuck,* 20 Pick. 356 ; *State* v. *Palmer,* 35 Me. 9. Besides, the fault of duplicity, if it is ever to be regarded as anything more than one of mere form—1 Bish. Cr. Prac., sec. 196—is certainly nothing more, in cases of misdemeanor in this state—*State* v. *Marvin,* 35 N. H. 22—and might be remedied by amendment under Gen. Stats., ch. 242, sec. 13. It follows, that all of this complaint, after the words " did make a great brawl and tumult,"· may be rejected as surplusage, and then the complaint may be sustained as setting out a sufficient description of that offence.

CUSHING, C. J.   By looking at the precedents of complaints for assault and battery in Bell's Justice, page 361, it will be seen that the general charge is made in the first instance, and then followed by an enumeration of the particulars of the assault and battery connected together by the conjunction " and." This form of pleading, in indictments for this description of misdemeanor, is commented upon and approved in *State* v. *Perkins,* 42 N. H. 464. In the complaint under

consideration, every specific act mentioned after the word "tumult" is one which might be one of the acts going to make up a tumult or a brawl; so that, according to the case of *State* v. *Perkins,* the whole may be considered as a description of the particular brawl or tumult. Considered in this way the complaint seems to be well enough, and there is no danger that anything could be proved under it which would not be embraced in the words "brawl" or "tumult."

As the statute does not confine the offence of a brawl or tumult to a public place, the allegation that the offence was committed in a public place is clearly surplusage, and may be disregarded.

With these views, it appears to me that the complaint is well enough, and according to established precedents.

SMITH, J.  The respondents' motion to quash this complaint is grounded on the idea that two of the six different offences enumerated in Gen. Stats, ch. 252, sec. 1, are joined in the same count in this complaint, namely, with making a brawl and tumult, which is one offence, and being guilty of rude, indecent, and disorderly conduct, which is another offence.  The charge against the respondents of being "guilty of rude, indecent, and disorderly conduct" is defective in that there is no description of the acts which it is claimed constituted such conduct, and no conviction or sentence could be had upon such a charge.  *State* v. *Peirce,* 43 N. H. 273.

A complaint charging one with "making a brawl and tumult" would be good.  *State* v. *Perkins,* 42 N. H. 464.  In that and like cases, the charge may be in general terms to avoid prolixity, and because the words themselves imply the nature of the offence with which the respondent is charged.

If this complaint had charged that the respondents, " on, etc., at, etc., to wit, in a certain school-house in which a singing-school was then and there being held, did make a great brawl and tumult," it must have been held good, although it is not necessary to allege that the offence was committed in a public place; and so if it had added, by way of description of the offence, " by stamping their feet on the floor, hissing, and using loud and saucy language," although unnecessary, the complaint would still be held good.   If the complaint had charged the respondents with being " guilty of rude, indecent, and disorderly conduct," it must, under the authority of *State* v. *Peirce,* be held bad ; but if it had added, by way of description, " by stamping their feet on the floor, hissing, and by using loud and saucy language," the offence would have been sufficiently described.

But the allegation in this complaint, that the respondents " stamped their feet on the floor, hissed, and used loud and saucy language," is not, according to the laws of legal or grammatical construction, descriptive either of the charge of making a brawl and tumult, or of being guilty of rude, indecent, and disorderly conduct.   It precedes the latter charge, and is not connected with it by any such words that it can be said they are used to describe the latter offence.

For these reasons I am of the opinion that but one offence is legally set out in the complaint, to wit, that of making a brawl and tumult, and that the remainder of the count may be rejected as surplusage. *Commonwealth* v. *Tuck*, 20 Pick. 356.

*Motion to quash denied.*