## UNITED STATES *v.* CLARKE.

*(District Court, E. D. Missouri, E. D.* November 7, 1889.)

**1.** CRIMINAL LAW—VERDICT—ARREST OF JUDGMENT.

Where a verdict finds defendant "guilty on all the counts contained in the indictment," the fact that some of the counts are bad does not warrant an order arresting judgment, where some are good.

**2.** OFFENSES AGAINST POSTAL LAWS—DEPOSITING OBSCENE MATTER IN MAIL—INDICTMENT.

A count in an indictment, under Rev. St. U. S. § 3892, for depositing obscene matter in the mail, described the paper deposited as "a certain obscene * * * paper, print, and publication, of an indecent character, beginning with the words following, to wit: 'As long as there is life there is hope,' and then and there contained in a paper wrapper having thereon the address * * * following: 'W. E. Deer. Bluff Mills, Indiana, via Waveland;' but which paper is so obscene as to be offensive." etc. The paper, when produced, proved to be a form of circular prepared by the defendant for circulation through the mails. Several days before the trial the defendant craved and obtained oyer of the indecent paper in question. *Held* that, under the circumstances, the description of the paper was sufficient.

At Law. On motion in arrest of judgment, and for new trial.

Indictment of Frank D. Clarke for depositing obscene matter in the mails. For report on demurrer to indictment, see 38 Fed. Rep. 500. For report of charge to jury, see Id. 732.

*George D. Reynolds*, Dist. Atty.
*C. H. Krum*, for defendant.

THAYER, J.    If it should be conceded that counts Nos. 2, 3, 5, 6, 8, and 9 are defective because the description of the alleged obscene publications referred to therein is too indefinite, yet that would not warrant an order arresting judgment on counts Nos. 1, 4, 7, in which the indecent pamphlet complained of is described with sufficient certainty.    It must be borne in mind that the verdict in this case is not a general verdict of "guilty."    It is a verdict that specifically finds the defendant "guilty on all the counts contained in the indictment."    The jury expressly declare that the charge laid in each count is proven.    In such cases the rule is that, if any of the counts are good, judgment upon the verdict as to such counts cannot be arrested.    If some counts of an indictment are good, and others bad, and the verdict is merely a general verdict of guilty, so that it is impossible to say whether the jury intended the finding to apply to one count, or to all, it might be the duty of the court (according to the authorities cited by defendant's counsel) to arrest the judgment on all the counts, if, during the trial, the court's attention was called to the defective counts, and it was asked to withdraw the same from the consideration of the jury, and it refused to do so.    This disposes of the motion in arrest, so far as it relates to counts Nos. 1, 4, and 7, which are admitted to contain a sufficient description of the obscene pamphlet in those counts mentioned.

I am aware, however, that, if counts Nos. 2, 3, 5, 6, 8, and 9 are bad because they do not contain an adequate description of the two obscene papers or circulars in those counts referred to, then, inasmuch as the court permitted such papers to be read to the jury, and inasmuch as they were only admissible under the defective counts, such evidence may have prejudiced the finding on counts 1, 4, and 7, and in that event the motion for a new trial as to the latter counts may be tenable.    It seems necessary, therefore, to determine whether any of the counts are defective by reason of an insufficient description of the indecent papers or circulars on which the counts are founded.    It is manifest that an indictment under section 3892 for depositing an obscene publication or print in the mail ought to describe the publication or print so deposited, in such manner, at least, that the accused may be able to prepare his defense, and that the judgment may be pleaded in bar of another prosecution for the same offense.    An allegation that a publication complained of is too indecent to be spread on the record, merely obviates the necessity of setting out the contents of the publication in full, as would otherwise be required.    It does not excuse the pleader for wholly omitting to describe it, or for describing it in language too general to advise the accused what particular publication or paper is intended.    *U. S.* v. *Harmon*, 34 Fed. Rep. 872.    The second count of the present indictment, which may be taken as a sample of all the counts supposed to be defective, avers that on November 22, 1888, the defendant deposited in the post-office at the city of St. Louis "a certain obscene  *  *  *  paper,

print, and publication, of an indecent character, then and there beginning with the words following, to-wit: 'As long as there is life there is hope,' and then and there contained in a paper wrapper having thereon, then and there, the address   *   *   *   following: 'Mr. W. E. Deer, Bluff Mills, Ind., via Waveland;' but which paper is so obscene and indecent as to be offensive," etc. As the papers, when produced at the trial, proved to be circulars that had evidently been prepared by the defendant with a view of obtaining patients, by circulating them through the mails, there can be no doubt that the description of them contained in the indictment sufficiently advised the defendant of the character and contents of the document that would be produced by the prosecution; and in view of the fact that the caption of the papers was properly described, and that the name and address of the person to whom they had been respectively mailed, and the date of mailing, was also stated, it does not appear to the court that the defendant will have any difficulty in future in showing for what particular offense he has been tried under the present indictment. It is no doubt true that the pleader might have given a further description of the two circulars complained of in the alleged defective counts. He might have stated the general tenor of the same, as that they contained a list of questions to be answered by the parties to whom they were mailed, etc.; but, even if he had done so, it is questionable whether the identification of the papers would have been any more certain. It would still be open to the defendant to say, as he says now, that the general description given might apply as well to other circulars or papers as to those produced at the trial, and hence that the indictment did not advise him how to prepare his defense. In the nature of things, there could be no complete identification of documents such as are involved in this case, unless they had been copied in full into the indictment; but the rule of pleading in this class of cases did not require that to be done. In point of fact, the defendant craved oyer of papers before the trial, and the court compelled the district attorney to produce and file the same for the defendant's inspection. It is obvious, therefore, that the defendant was not put to any actual disadvantage in making his defense, as he was permitted to inspect the alleged obscene papers some days prior to the trial. Although the court expressed some doubt as to the sufficiency of the description of these circulars, when the point was first raised, yet, on further consideration of the question, I think the description was adequate, and that the motion in arrest and for a new trial should be overruled as to all the counts. It is so ordered.