## COMMONWEALTH *vs.* CHARLES T. DEJARDIN.

Bristol.   Oct. 22.—Nov. 11, 1878.   ENDICOTT & LORD, JJ., absent

An indictment, on the St. of 1862, *c.* 168, § 1, alleging that the defendant printed and published obscene pictures of naked girls, is not sustained by proof that he printed and published obscene pictures of girls naked only above the waist.

MORTON, J.   The defendant is indicted under the St. of 1862, *c.* 168, § 1, which provides that "whoever imports, prints, publishes, sells, or distributes any book, pamphlet, ballad, printed paper, or other thing containing obscene, indecent or impure language, or any obscene, indecent or impure prints, pictures, figures, or descriptions, manifestly tending to the corruption of the morals of youth; or introduces into any family, school or place of education; or buys, procures, receives, or has in his possession any such book, pamphlet, ballad, printed paper, or other thing, either for the purpose of sale, exhibition, loan or circulation, or with intent to introduce the same into any family, school

or place of education, shall be punished" by imprisonment in the state prison, or by fine and imprisonment in the jail.

It is clear that this indictment is founded on the first clause of the statute. This clause prohibits the importation, printing, publishing, selling, or distributing "any book, pamphlet, ballad, printed paper, or other thing," containing obscene, indecent or impure language, or containing any obscene, indecent or impure prints, pictures, figures or descriptions, manifestly tending to the corruption of the morals of youth. The second and fourth sections, providing for issuing search-warrants for "any obscene, indecent or impure books, pamphlets, ballads, printed papers or other things," tend strongly to show that such is the true construction of the first section. An indictment under this clause should aver that the defendant imported, printed, published, sold, or distributed a book, pamphlet, ballad, printed paper or other thing, describing it, containing obscene or indecent language, or obscene or indecent prints, pictures, figures or descriptions, describing them, or giving an excuse for not particularly describing them. *Commonwealth* v. *Holmes*, 17 Mass. 336. *Commonwealth* v. *Tarbox*, 1 Cush. 66. The general words "or other thing" must be construed to mean or other thing of like kind. The maxim *noscitur a sociis* applies.

The indictment in this case avers that the defendant "unlawfully and scandalously did print and publish certain obscene pictures, figures, and descriptions, to wit, pictures, figures, and descriptions of naked girls, manifestly tending to the corruption of the morals of youth." It is not necessary to decide whether this indictment can be held to be sufficient under the statute. If it can be, there was a fatal variance between the allegation and the proof. The court admitted evidence that the defendant took photographic pictures of two young girls naked down to the waist; and instructed the jury that, if they found such pictures to be obscene and indecent, and to have been delivered to the girls, they should convict the defendant.

This was erroneous. The allegation that the defendant printed and published pictures and figures of naked girls is not met by proof that he printed and published pictures and figures of girls, for the greater part clothed. The government, having described the pictures, is bound by the description, and the defend-

ant could not be convicted upon proof that he printed and published pictures substantially different from the description, though the jury might find such pictures to be obscene.

*Exceptions sustained.*

*M. Reed & H. A. Dubuque*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.