DWIGHT, P. J., and LEWIS, J., concurred.

---

63  579!
14ap307!

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT AND RESPONDENT, *v.* MAURICE F. DANIHY, RESPONDENT AND APPELLANT.

*Crimes — obscene publication — the matter must appear upon the face of the indictment — a reference to a former count to avoid repetition, proper.*

In an indictment, under section 317 of the Penal Code, relative to obscene publications, it was alleged in one count thereof that Maurice F. Danihy sold an obscene, lewd, lascivious, filthy and indecent newspaper, describing it specifically. This count did not, however, set out any portion of the matter complained of. *Held,* that the indictment was demurrable.

That it must appear upon its face that the printed matter was of the character charged.

That the adjectives, "lewd, lascivious," etc., were not facts but conclusions.

Another count set out the objectionable matter in *hæc verba*, and was followed by a count which charged Danihy with having the same printed matter in his possession with intent to sell it, and it identified and set out the matter intended by a reference to a preceding count, which was specifically made a part of the count in question.

*Held*, that such a reference to the former part of the indictment to obviate a useless repetition was not improper.

APPEAL by the plaintiff, the People of the State of New York, from so much of a judgment of the Monroe County Court of Sessions, entered in the office of the clerk of said county on the 10th day of December, 1891, as sustained and allowed a demurrer upon the part of the defendant to the first, second, third and sixth counts of an indictment for selling an obscene newspaper; and also by the defendant Maurice F. Danihy from so much of said judgment as overruled his demurrer to the fourth and fifth counts thereof.

*George A. Benton*, for the People.

*J. Van Voorhis*, for the defendant.

DWIGHT, P. J.:

The indictment was under section 317 of the Penal Code, relating to obscene publications. It was in six counts, and the defendant demurred to the indictment as a whole, and separately to each count, on the ground that the facts stated in the indictment, and in each count thereof, do not constitute any crime. By the first count the grand jury of the county of Monroe accuse the defendant "of the crime of selling an obscene newspaper, committed as follows: The said Maurice F. Danihy, at the city of Rochester, in the county of Monroe, on the 27th day of September, in the year of our Lord 1890, at the city and county aforesaid, willfully, unlawfully and maliciously did sell to Abram Rosenberg, and to diverse other persons whose names are to this grand jury unknown, an obscene, lewd, lascivious, filthy and indecent newspaper, commonly known and called 'Sunday Star,' which said newspaper and Sunday Star was No. 1 of Volume 2 of said paper, bearing date Rochester, N. Y., September 28th, 1890, then and there containing stories and articles of an indecent and immoral character, having a tendency to degrade and corrupt the morals of such persons into whose hands

it might come, contrary to the form of the statute," etc. The objection to this count, that it does not set out the contents of the newspaper complained of, nor any portion of them, is, we think, well taken. It is a cardinal principle of pleading, in both civil and criminal actions, that the complaint (indictment) shall contain a statement, not merely of the charge sought to be established, but of facts which, if taken to be true, support the charge. The pleading must show on its face — its truth being conceded — that the cause of action exists, or the crime has been committed. It is not enough to allege a conclusion of fact; the facts themselves must be alleged from which the conclusion may be drawn; and in a case like the present it is not enough to characterize the publication complained of, but the contents of the publication must be set forth in order that it may appear on the face of the pleading that it is of the character charged.

The rule which has always held in actions of libel, either civil or criminal, is applicable to this case. A complaint or indictment which only charged that the written or printed matter complained of was libelous or defamatory would certainly be bad, not because of a failure to identify the matter, but because it did not appear on the face of the pleading that it was libelous or defamatory. And so the two classes of actions or prosecutions have always been classed together for the purposes of this rule; and it has been held, with great strictness, that in all actions, civil and criminal, in which the cause of action or offense consists in the publication of written or printed matter, the words complained of must be set out in the complaint or indictment. The cases of *Bradlaugh & Besant* v. *The Queen* (L. R., 3 Q. B. Div., 607); *Commonwealth* v. *Tarbox* (1 Cush., 66); *United States* v. *Bennett* (16 Blatch., 338); *Commonwealth* v. *Dejardin* (126 Mass., 46), are a few of those industriously collected by the learned county judge, and of which synopses are given in his opinion. They are directly in point, and in effect base the rule on the reasons above considered, and not — as the court seems to have done in the case of *The People* v. *Hallenbeck* (52 How. Pr., 502) — on the ground of the necessity of clearly identifying the publication complained of. Identification is, of course, a requirement of the pleading, but in that respect the count in question is not at fault. It describes the newspaper by its name,

its volume, number, date and place of publication. Moreover, in its allegation of the manner in which the crime was committed, it applies to the publication not only the term " obscene," but all the other descriptive terms used by the statute, in the alternative, in defining the crime, viz., " lewd, lascivious, filthy and indecent ; " and, still further, it describes the newspaper as containing articles and stories of an indecent and immoral character. But, after all, these additions are only amplification of the charge, and not demonstration of its truth, — a conclusion of fact, and not the facts themselves, relied upon to establish the charge made against the defendant.

Three other counts, the second, third and sixth, respectively, charge the defendant with having in possession with intent to sell, offering for sale, and publishing, the same newspaper, described as in the first count, and like that count setting out no portion of its contents. We think the four counts so far mentioned are defective in the respect considered, and that the several demurrers thereto must be allowed.

On the other hand, the fourth count completely avoids the objection which we have considered, and is liable to no other objection so far as we observe. It is framed under the same subdivision of section 317 as the first count, but under another specification. The statute, as applicable to it, reads : "A person who sells  *  *  *  any  *  *  * printed matter of an indecent character  *  *  * is guilty of misdemeanor." This count, besides specifying the time when, place where and person to whom the sale is charged to have been made, and a minute description, for the purpose of identification, of the newspaper in which it was printed, sets out in full the " printed matter of an indecent character " to which the charge relates. It is no objection to this count that the printed matter in question is shown to have been printed in a newspaper. It is still " printed matter," and, if of an indecent character, is within the prohibition of the statute as much as if printed in a broad-side or hand-bill. As pointed out by the learned county judge, the language of the specification in the statute is not " or any *other* printed matter," etc. On the contrary, it is very plain that the language "or any printed matter of an indecent character " is intended to be very general and to include everything coming within the description, whether otherwise described in previous specifications or not.

The fifth count charges the defendant with having the same printed matter in possession with intent to sell, and it identifies and sets out the matter intended by a reference to the fourth count, which is thereby made a part of the fifth. This mode of pleading by reference to a former part of the same indictment, to obviate a useless repetition, is sustained by authority and seems to be without substantial fault. (*The People* v. *Graves*, 5 Park. Crim. Rep., 134.)

The demurrer as to the fourth and fifth counts was properly overruled, and the judgment should be in all respects affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment of the Court of Sessions of Monroe county appealed from affirmed.