THE STATE OF VERMONT *v.* ANDREW J. BROWN.

*Indictment for selling obscene books, &c.*

An indictment for selling an obscene book or printed paper should ordinarily set forth the book or paper *in haec verba* as in indictments for libel or forgery; but this may be dispensed with, and the obscene character of the publication be described in more general terms, if it be of so gross a character that spreading it upon the record would be an offence against decency.

INDICTMENT for selling an obscene publication which was

described in the indictment as "a certain lewd, scandalous and obscene printed paper, entitled 'Amatory Letters,' 'Ellen's Letter to Maria,' and 'Maria's Letter to Ellen,' which said printed paper is so lewd and obscene, that the same would be offensive to the court here, and improper to be placed upon the records thereof, wherefore the jurors aforesaid do not set forth the same in this indictment."

The respondent demurred to the indictment. The county court, June Term, 1854, PECK, J. presiding,—overruled the demurrer and adjudged the indictment sufficient, to which the respondent excepted.

*Cooper & Bartlett* for the respondent.

*H. C. Wilson*, state's attorney, for the prosecution.

The opinion of the court was delivered by

REDFIELD, CH. J. Ordinarily the indictment, in a case like the present, should set forth the book or publication *in haec verba*, the same as in indictments for libel or forgery. This seems to be an acknowledged principle in the books. But even in indictments for forgery, it may be excused, as if the forged instrument is in the possession of the opposite party. So, also, in a case like the present, if the publication be of so gross a character that spreading it upon the record will be an offence against decency, it may be excused, as all the English precedents show. Some of the precedents are much like the present, describing the obscene character of the publication in general terms. But more generally the nature of the publication is more specifically described. But in both cases the principal of the case is the same. If the paper is of a character to offend decency, and outrage modesty, it need not be so spread upon the record as to produce that effect.

And if it is alleged, in such case, to be a publication within the general terms in which the offence is defined by the statute, it is sufficient, which seems to be done in the present case.

The degree of particularity, with which the paper could be described without exposing its grossness, would depend something upon the nature of that feature, whether it consisted in the words

used, or the general description given. In the former case it could not be more particularly described than it here is without offending decency.

Exceptions overruled. Respondent sentenced to pay a fine of $40 and costs.