## Case No. 15,926.

UNITED STATES v. ONE CASE OF SPARKLING WINE.

[See Case No. 14,614.]

---

## Case No. 15,927.

UNITED STATES v. ONE CASE STEREOSCOPIC SLIDES.

[1 Spr. 467;[1] 22 Law Rep. 79.]

District Court, D. Massachusetts.   March, 1859.

CUSTOMS DUTIES—IMPORTATION OF INDECENT ARTICLES—VERDICT—PACKAGE.

1. If a verdict finds facts not put in issue by the pleadings, it is so far nugatory.

2. By Statute 1857, c. 63 [11 Stat. 168], if an invoice or package of imported goods contains some articles which are indecent, or obscene, and others which are not, the whole are liable to forfeiture. The indecent or obscene articles are to be destroyed, and the others to be sold.
[Cited in U. S. v. Males, 51 Fed. 43.]

3. An information was filed against one case of stereoscopic slides, alleging them to be indecent and obscene, and praying that they might be condemned and destroyed, and the general issue was pleaded. The jury found that a part of the slides imported in the case were indecent, and that the rest were neither indecent nor obscene.

4. Under such pleadings, only those found to be indecent can be condemned, and the residue must be acquitted.

5. If a verdict find that two kinds of slides were in the same case, it is not a finding that they were in the same package.

C. L. Woodbury, U. S. Dist. Atty.
B. F. Hallett, for claimant.

SPRAGUE, District Judge. This prosecution is founded on Statute 1857, c. 63, prohibiting the importation of indecent or obscene articles, prints, paintings, lithographs, &c. The seizure was made on land. A trial has been had by a jury, who have returned their verdict, and the question now is, what judgment shall be entered.

The information sets forth, that "on the 30th of December, 1858, Arthur W. Austin then and now collector of the customs for the revenue district of Boston and Charlestown, in said district of Massachusetts, did, at said port of Boston and Charlestown, and on land, seize as forfeited to the use of the said United States of America, one case of stereoscopic slides, marked J. B. 111, imported into the United States from a foreign port or place, in the steamship Arabia, and now hath the same in his possession, as being forfeited and subject to destruction, for that the said stereoscopic slides are indecent and obscene articles."

The information concludes with praying, "that the said case of stereoscopic slides be condemned by the definitive sentence and decree of the said judge, as forfeited and subject to destruction, and that the same may be destroyed after condemnation."

Walter P. Cottle appeared and put in a claim, as owner, to all the stereoscopic slides, excepting fifty-nine. Those fifty-nine are admitted to be indecent, and subject to condemnation. The residue, being 1924 in number, the claimant defends, and has put in a plea denying the truth of the allegations in the information, that is, amounting to the general issue. Upon this plea, the jury have returned the following verdict: "The jury find that the case of stereoscopic slides, named in the said information, was imported by the said W. P. Cottle, and said case did contain fifty-nine stereoscopic slides that are indecent, and that as to all the other stereoscopic slides contained in said case, and claimed by said W. P. Cottle, the same are not indecent or obscene."

The district attorney now moves that judgment be rendered against all the stereoscopic slides, as forfeited, and that the fifty-nine which have not been claimed or defended, and are admitted to be indecent, be ordered to be destroyed, and that the residue be ordered to be sold for the benefit of the United States.

As to the fifty-nine, there is no controversy. They were a part of the contents of the case proceeded against, in the information, as indecent, and being found to be such, must be condemned and destroyed. But as to the 1924 which have been claimed and defended, the motion of the district attorney encounters two difficulties. 1st. The only allegation against them in the information is that they are indecent and obscene, but the verdict finds that they are neither indecent nor obscene. It is urged, however, that they were imported in the same package with others that were indecent, and for that reason are subject to forfeiture. But this ground of forfeiture is nowhere

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

alleged in the information. The charge in the information is quite different. They are charged not with being merely in bad company, but with being themselves corrupt, and the sentence denounced by the law for these two offences is by no means the same; for the one they are to be forfeited and sold, for the other they are to be condemned and destroyed. The information asks only for this latter judgment, and presents a case warranting only that judgment. How, then, can I make a decision upon grounds not set up in the pleadings, and render a judgment not called for, or warranted by them? It is urged that I may do so, because the verdict finds sufficient to authorize condemnation. But this position is untenable. The verdict can legitimately find no fact that has not been put in issue, and so far as it goes beyond the allegations of the pleadings, it is inoperative and void. The jury can decide only the questions which have been submitted to their determination by the pleadings. If, therefore, it were true, as assumed in the argument, that the verdict contains enough to warrant a judgment of forfeiture, still such judgment could not be pronounced upon this information, and the plea of general issue.

But there is still a further difficulty. The verdict does not find facts enough to warrant condemnation. It finds, indeed, that the 1924 stereoscopic slides which were not indecent, were imported in the same case with the fifty-nine which were indecent. The statute prohibits the importation of indecent or obscene articles, and says, that "all invoices and packages, whereof any such articles shall compose a part, are hereby declared to be liable to be proceeded against, seized and forfeited." The verdict does not find that the stereoscopic slides, claimed and defended in this case, were in any invoice or package of which the fifty-nine which were indecent composed a part. It is only found that they were in the same case. Now although a package is not always a case, yet it may be true that a case of goods, in the language of importers, is always a package; but this I cannot judicially know. It is a question of the meaning of a term used in a particular trade or business. The statute relates to importation from abroad, and the names which it uses, in describing articles of importation, have the meaning which has been given to them by those engaged in that business. What is the meaning of such terms, or of technical words in any art or science, is a question of fact to be submitted to the jury. Thus, under the revenue laws, whether a certain article imported was loaf sugar (U. S. v. Breed [Case No. 14,638]) and in another case whether the article was hemp; and in another whether it was crude saltpetre, was submitted to the jury. Indeed, this has been done in a great many cases, and as to a great variety of goods. The jury not having found that the case in which all these stereoscopic slides were imported was a package, I do not know and cannot assume it to be so. The verdict, therefore, does not show that the 1924 slides claimed by Mr. Cottle were imported contrary to law, and as to them, on both grounds of objection, the judgment must be that the United States take nothing by their information, and that the bond which was given by the claimant to obtain a delivery of those articles, be cancelled.