## GREENE COUNTY OYER AND TERMINER.

### THE PEOPLE agt. ELSIE HALLENBECK.

*Demurrer to indictment for uttering, writing and publishing a lewd and indecent paper.*

The general rule of pleading is that the indictment must apprise a party of the crime whereof he or she is accused.

An indictment for uttering, writing and publishing a lewd and indecent paper was in the following language, viz.: "Did utter, write and publish a certain obscene, lewd and indecent paper and writing, which said paper was inclosed in a sealed envelope and deposited in the post-office of the United States, at said town of Catskill, for mailing and delivery; the said envelope being then and there addressed by the words following, that is to say, 'Mrs. Mary T. Westmore, Catskill, N. Y.'"

*Held*, that the indictment could not be upheld. There should be some *general description* of the writing. It is not necessary to copy the paper or minutely describe the print, but it is necessary to give a *general description* thereof and to aver their evil tendency; sufficient information should be suggested to put the defendant on inquiry as to her defense and the *subject* of the obscenity should be stated.

*December Term*, 1877.

DEMURRER to two indictments.

*James B. Olney*, for prisoner.

*A. C. Griswold*, district attorney, for people.

WESTBROOK, *J.* — The same question arises upon the two indictments against the defendant above named. They are both for uttering, writing and publishing a lewd and indecent paper, and they are both demurred to because, as the pleader claims, the indecent writing is not sufficiently described. The

language of the one indictment is, and the other is similar, " did utter, write and publish a certain obscene, lewd and indecent paper, and writing, which said paper was inclosed in a sealed envelope and deposited in 'the post-office of the United States, at said town of Catskill, for mailing and delivery, the said envelope being then and there addressed by the words following, that is to say, ' Mrs. Mary T. Westmore, Catskill, N. Y.' "

The general rule of pleading is, that the indictment must apprise a party of the crime whereof he or she is accused. The rule is universal, except that it is so far modified when the charge is for uttering or publishing obscene literature, it is unnecessary " to set out the obscene language *in full ;* it is enough to aver the fact of the obscenity of the writing, and to give this as an excuse' for not setting it forth " (2 *Wharton's Criminal Law,* § 2547 [*7th ed.*]). But it has never been held, so far as my research extends, that no *general description* of the writing was necessary.

In *Commonwealth* agt. *Sharpless* (2 *Sergeant & Rawle,* 92), the indictment did generally describe the picture, for exhibiting which the defendants were indicted, by the words, "*A certain lewd, wicked, scandalous, infamous and obscene painting, representing a man in an obscene, imprudent and indecent posture with a woman.*" That indictment was properly sustained.

In *Commonwealth* agt. *Holmes* (17 *Mass.,* 336), the court held : " In an indictment for publishing an obscene book or print, it is sufficient to give a *general description* thereof, and to aver their evil tending, without *copying* the book, or *minutely* describing the print."

In *The State of Vermont* agt. *Brown* (1 *Williams,* 619), it was held : " An indictment for selling an obscene book, or printed paper, should ordinarily set' forth the book or paper *in hæc verba,* as in indictments for libel or forgery, but this may be dispensed with, and the obscene character of the publication be described in *more general terms,* if it be of so

gross a character that spreading it upon the record would be an offense against decency." In that case the writings were described by their titles.

In *People* agt. *Girardin* (1 *Manning*, 90, *a Michigan case*), the publication was of obscene matter in a newspaper, and the title of the paper was given.

In the case before us there is no description whatever of the alleged libellous writing. It is only averred that it was contained in an envelope directed in a particular manner. No information is suggested which can put the defendant on inquiry as to her defense, nor to what *subject* the obscenity related. In *Knowles* agt. *The State of Connecticut* (3 *Day*, 103), the indictment was for the exhibition of a "monster, highly indecent and improper to be seen, or to be exposed as a show." Of such an indictment the court unanimously said : " This information alleges that said Knowles exhibited a horrid and unnatural monster, highly indecent, unseemly and improper to be seen, or exposed as a show; but states no circumstances in the description of its appearance, which shows this allegation to be true; it cannot be supported, either at common law or on the statute."

It may be observed that in the case cited there was very much more information given to the defendant than in these before us. He was called upon to defend the character of an exhibition he was making, and that disclosed to him the alleged obscenity. In these the party is asked to recall every letter written to a particular individual and prepare for an attack which may be made upon any of the correspondence. Not the slightest thing is mentioned by date, subject-matter, expression, thought or word which identifies or describes the alleged obscene writing. There is, in short, no description whatever. Within any rule or case, which I have seen, these indictments cannot be upheld.

The defendant is entitled to judgment upon both indictments. The rule will be entered as of the day of the argument.