### COMMONWEALTH *vs.* JOHN S. WRIGHT.

Suffolk.    March 23. — May 13, 1885.    W. ALLEN, COLBURN, & HOLMES, JJ., absent.

An indictment on the Pub. Sts. *c.* 207, § 15, for publishing a paper containing obscene language, must, at least by some general description, identify the paper.

DEVENS, J.    This is an indictment under the Pub. Sts. *c.* 207, § 15, for publishing and distributing a printed paper containing obscene, indecent, and impure language.    In both of the counts upon which the defendant was convicted, it is alleged to be a paper so obscene in its character that it cannot with decency be spread upon the records of the court.    No general description of it by title or contents is given in the indictment, nor are any other means afforded thereby which would distinguish it from any other paper of its class.    Before the trial, the defendant moved to quash the indictment, among other reasons, because it afforded no proper description of the alleged obscene paper.

It has heretofore been held that an obscene publication need not be spread at length upon the records of the court, by a recital thereof *in extenso* in the indictment.    *Commonwealth* v. *Holmes,* 17 Mass. 336.    *Commonwealth* v. *Tarbox,* 1 Cush. 66.    To hold otherwise would require that permanency and notoriety should be given to indecent publications in order that they might be punished, which would be highly objectionable.

But while the indecent publication need not be set forth at length, and it is sufficient in the indictment to allege, as an excuse for not doing so, its scandalous and obscene character, it must be identified by some general description which shall show what the paper is which the defendant is charged with publishing.    Unless this is done, it is obvious that the defendant is

not informed, with such precision as the law requires, of the offence charged against him, and may be entirely deceived in regard to the paper to which the obscene character is attributed. Nor would the indictment afford the protection to the defendant to which he is entitled, should he be subsequently indicted for the same offence. In *Commonwealth* v. *Holmes, ubi supra,* the book which the defendant was charged with publishing was identified by its title. In *Commonwealth* v. *Tarbox, ubi supra,* it is said that, where a publication is so obscene that it should not appear on the record, " the statement of the contents may be omitted altogether, and a description thereof substituted," the reason for the omission being made to appear by proper averments ; but the remark implies that there must be an appropriate description of the publication. It is not easy to conceive a case in which the means would not exist, having full regard to decency and propriety, of describing generally, and thus identifying, the paper which the defendant is charged with publishing.

The indictment in the case at bar did not seek to do so in any manner, and yet the means of doing so were ample, so far as the publication offered in evidence was concerned. It was printed upon the back of the business card of the defendant, which contained itself no indecency. It was headed, " Wanted, by a wet nurse," and purported to recite a conversation between a young lady and the editor of a local paper. Other modes of describing the paper might also be readily suggested, none of which were availed of.

As the indictment does not set forth the offence in the manner required by law, the order must be,

*Exceptions sustained, and indictment quashed.*

*J. L. Eldridge,* for the defendant.

*F. J. Stimson,* Assistant Attorney General, (*E. J. Sherman,* Attorney General, with him,) for the Commonwealth.