UNITED STATES v. HARMON et al.

*(District Court, D. Kansas. May 1, 1888.)*

POST-OFFICE—MAILING OBSCENE MATTER—INDICTMENT.

An indictment under Rev. St. U. S. § 3893, charged defendants with mailing "a certain obscene, lewd, and lascivious paper and publication of an indecent character called 'Lucifer,' which paper and publication is so obscene, lewd, and lascivious as to dispense with the incorporation of the words and figures in this indictment," etc. *Held*, on demurrer, that the identification of the obscene matter was insufficient, neither the date of the paper, nor the title of the article, nor its general tenor or purport being given; and that the indictment was therefore bad.

Indictment under Rev. St. U. S. § 3893, prohibiting the mailing of obscene matter, etc. On demurrer.

*David Overmyer* and *G. C. Clemens*, for the demurrer.

*W. C. Perry*, Dist. Atty., *contra*.

FOSTER, J. This indictment is drawn under section 3893, Rev. St. It charges that the defendants did unlawfully and knowingly deposit in the United States post-office at Valley Falls, in this district, addressed to, and for the purpose of mailing and delivering to various parties therein named, through the United States mails, a certain obscene, lewd, and lascivious paper and publication of an indecent character, called "Lucifer," which paper and publication so deposited for mailing is so obscene, lewd, and lascivious as to dispense with the incorporation of the words and figures in this indictment, said parties well knowing that said paper and publication was non-mailable matter, contrary to the form of the statute, etc. It will be observed that the paper alleged to be obscene, and to have been mailed by the defendants, is not described or identified in any manner except by its title, "Lucifer." It appears to have been a newspaper published at stated periods at Valley Falls. The date of the particular issue is not set out, nor is the article or articles complained of identified by title or contents. There have been a great number of the paper issued entitled "Lucifer," and probably mailed to these same par-

tics, and each and every one different from the others. How are the accused to know what particular paper, or what particular article of the paper, is referred to in the indictment? The accused are entitled to be informed of the specific charge made against them, and it must be sufficiently explicit and definite to enable them to prepare their defense, and present their evidence; and further, to enable them in any future prosecution for the same offense to make the plea of *autre fois acquit* or *autre fois convict.* This indictment is clearly defective in this respect; nor can it be helped out by means of a bill of particulars. The offense charged is an infamous crime, under the decision of the supreme court, (*Mackin v. U. S.* 117 U. S. 348, 6 Sup. Ct. Rep. 777; *Ex parte Wilson,* 114 U. S. 417, 5 Sup. Ct. Rep. 935;) and the accused cannot be put upon trial except upon the presentment of a grand jury, (Article 5, Amend. Const. U. S.;) and all the essentials of the accusation must be presented by the grand jury in their indictment; and neither the court nor parties by consent can add to or take from the indictment, (*Ex parte Bain,* 121 U. S. 1, 7 Sup. Ct. Rep. 781.) It is not sufficient for the grand jury to allege that the contents of the paper are too obscene to be spread upon the records, and omit every means of identification. Surely the objectionable matter can be described or identified in some way, without giving offense to the court, or defiling its records with scandalous and indecent matter. The date of the paper, the title of the article, or its general tenor and purport, couched in decent language, would serve to make the charge definite and certain. The demurrer to the indictment must be sustained.