## UNITED STATES *v.* MALES.

*(District Court, D. Indiana.   June 15, 1892.)*

No. 4,605.

POST OFFICE—NONMAILABLE MATTER—INDECENT WRITING.

Rev. St. § 3893, punishing the mailing of any "obscene, lewd, or lascivious book," etc., applies only to matters tending to excite impure and unchaste thoughts, and not to language which is merely coarse, vulgar, and indecent.

At Law.   Indictment for mailing obscene matter.   The objectionable writing was not set out in the indictment, and the question whether it came within the meaning of the statute arose on an objection to its introduction in evidence.   The court directed a verdict of not guilty.

*Smiley N. Chambers,* for the United States.

*Herod & Herod,* for defendant.

BAKER, District Judge.   This is a prosecution for sending obscene matter through the mail.   The defendant wrote on the margin of a valentine the following:

"You can keep this to wipe your dirty a— on, and spend your money to pay your debts, or have your picture taken again in men's clothing.   We can prove you sent them for slander."

The valentine with this writing on it was inclosed in a sealed envelope addressed to one Cora Anderson, and was sent to her through the mail.   The counsel for the defendant contend that the writing does not constitute a public offense.   They insist that the use of merely coarse, vulgar, or insulting language, mailed in a sealed envelope, is not made criminal by the statute; and that to make the writing criminal it must have a tendency to corrupt the morals, or to excite unchaste desires and impure thoughts.   On the other hand, the counsel for the government maintains that any writing which is vulgar or indecent, regardless of its tendency to corrupt the morals, or to excite impure desires, falls within the condemnation of the statute.   The statute under which the indictment is drawn is as follows:

"Sec. 3893.   Every obscene, lewd, or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character, and every article or thing designed or intended for the prevention of conception or procuring of abortion, and every article or thing intended or adopted for any indecent or immoral use, and every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where or how, or of whom, or by what means, any of the hereinbefore mentioned matters, articles, or things may be obtained or made, whether sealed as first-class matter or not, are hereby declared to be nonmailable matter, and shall not be conveyed in the mails, nor delivered from any post office nor by any letter carrier; and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be nonmailable matter, and any person who shall knowingly take the same, or cause the same to be taken, from the mails for the purpose of circulating or disposing of, or of aiding in the circulation or disposition of, the same, shall for each and every offense be fined,

upon conviction thereof, not more than five thousand dollars, or imprisoned at hard labor not more than five years, or both, at the discretion of the court." 1 Supp. Rev. St. p. 621.

Obscenity committed in certain ways was an offense indictable at common law, and the statutes enacted upon the subject only operate as an enlargement of the scope of the term, and define it more specifically. They create no new offense. *Com.* v. *Sharpless,* 2 Serg. & R. 101; *Com.* v. *Holmes,* 17 Mass. 336; *Reg.* v. *Bradlaugh,* 2 Q. B. Div. 569, 3 Q. B. Div. 607; 1 Bish. Crim. Law, § 500. Statutes against obscenity should receive a reasonable construction, having regard to the manifest object had in view in their enactment. The obvious purpose of their enactment is to guard and protect the public morals, by erecting barriers which the evil-minded and lascivious may not overpass with impunity. As the statute is highly penal, it ought not to be held to embrace language unless it is fairly within its letter and spirit. *U. S.* v. *Gaylord,* 17 Fed. Rep. 438; *Thomas* v. *State,* 103 Ind. 419, 2 N. E. Rep. 808; *Dillard* v. *State,* 41 Ga. 278; *Bell* v. *State,* 1 Swan, 42; *Henderson* v. *State,* 63 Ala. 193; *State* v. *Toole,* 106 N. C. 736, 11 S. E. Rep. 168. Obscenity is such indecency as is calculated to promote the violation of the law and the general corruption of morals. 2 Whart. Crim. Law, § 1431. It is applied to language spoken, written, or printed, or to pictorial productions, and includes what is immodest and indecent, and is calculated to excite impure desires, or to corrupt the mind. *U. S.* v. *Loftis,* 12 Fed. Rep. 671. The test is whether the tendency of the matter is to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands such matter may fall. The writing need not use words which are in themselves obscene, in order to be obscene. Courts have regard to the idea conveyed by the words used in the writing, and not simply to the words themselves. Obscenity is that form of indecency which is calculated to promote the general corruption of morals. "Lewdness" and "lasciviousness" are that form of immorality which has relation to sexual impurity. *U. S.* v. *Bennett,* 16 Blatchf. 362. The words "obscene," "lewd," and "lascivious," as used in the statute, have the same meaning as is given them at common law in prosecutions for obscene libel. In excluding various articles from the mail the object of the congress has not been to interfere with the rights of the people, but to refuse facilities for the distribution of matter deemed injurious to the public morals. All that congress meant by this act was that the mail should not be used to transport corrupting publications or writings, and that any one who attempted to use it for that purpose should be punished. *Ex parte Jackson,* 96 U. S. 727. In *Ex parte Doran,* 32 Fed. Rep. 76, it is held that the purpose of the statute was to prevent the mails from being used to circulate matter to corrupt the morals of the people. It is said that the history of the legislation clearly shows that the congress determined to exclude from the mails writings of an impure and immoral character, and not such as were merely coarse, rough, or vulgar. In *U. S.* v. *Wightman,* 29 Fed. Rep. 636, it is held that a letter, although exceedingly coarse and vul-

gar, and grossly libelous, but which has no tendency to excite libidinous thoughts or impure desires, or to deprave and corrupt the morals of those whose minds are open to such influences, is not obscene, lewd, or lascivious within the meaning of the statute. It is held, and I think correctly, that the test of obscenity is whether the tendency of the matter is to deprave and corrupt the morals of those into whose hands it may fall. Like the words "lewd" and "lascivious," with which it is associated, it implies something tending to suggest libidinous thoughts, or excite impure desires. In *U. S.* v. *Clark*, 43 Fed. Rep. 574, it was held that a letter containing indecent epithets, and matter of a highly reprehensible character,—that is, a letter of indecent character,—was not within the purview of the statute. It was held not to be within the statute because there was nothing of lewd or lascivious tendency in the letter. *U. S.* v. *Harmon*, 45 Fed. Rep. 414, is to the same effect. It seems to me that the statute under consideration was intended to prohibit the dissemination by the mails of printed or written matter or pictorial productions calculated to excite the animal passions, and to corrupt and debauch the mind, and not such as are merely coarse, vulgar, or indecent in the popular sense of those terms. *U. S.* v. *Durant*, 46 Fed. Rep. 753; *U. S.* v. *Chesman*, 19 Fed. Rep. 497; *Com.* v. *Landis*, 8 Phila. 453; *U. S.* v. *Davis*, 38 Fed. Rep. 326; *Bates* v. *U. S.*, 11 Biss. 70, 10 Fed. Rep. 92; *U. S.* v. *Bott*, 11 Blatchf. 346; *U. S.* v. *One Case of Stereoscopic Slides*, 1 Sprague, 467; *State* v. *Brown*, 27 Vt. 619; *People* v. *Hallenbeck*, 52 How. Pr. 502; *McNair* v. *People*, 89 Ill. 441; *Fuller* v. *People*, 92 Ill. 183; *Com.* v. *Wright*, 139 Mass. 382, 1 N. E. Rep. 411. The language used on the valentine is coarse, vulgar, and indecent. Its tendency is to excite feelings of anger and contempt for its author. It would repel, rather than excite, feelings of an impure, licentious, or unchaste character. In my judgment, the words in question are not "obscene," "lewd," or "lascivious," within the true construction of the statute. The jury will therefore return a verdict of not guilty.