## UNITED STATES v. FULLER.

### (District Court, D. Oregon. March 2, 1896.)

### No. 4,055.

CRIMINAL LAW—INDICTMENT—MAILING OBSCENE DOCUMENT.

An indictment for depositing in the mail an obscene document, which alleges that the document in question is so obscene and indecent that the same would be offensive to the court, and improper to be placed upon the records thereof, wherefore the grand jurors do not set forth the same, and which does not set forth the document mailed, nor describe the same so as to furnish means of identifying it, is insufficient.

Daniel R. Murphy, U. S. Dist. Atty., and Charles J. Schnabel, Asst. U. S. Atty., for the United States.

M. L. Pipes, for defendant.

BELLINGER, District Judge. The indictment in this case is under section 3893, Rev. St., and charges that the defendant did knowingly deposit in the post office at Albany, for mailing and delivery, a certain envelope, bearing the address, etc., "which envelope then and there contained a certain obscene, lewd, and lascivious paper, writing, print, and publication, of an indecent character, which said paper, writing, print, and publication is 'so obscene, lewd, lascivious, and indecent that the same would be offensive to the court, and improper to be placed upon the records thereof. Wherefore the grand jurors do not set forth the same in this indictment." A second count charges another like offense, in the same language. To this indictment there is a demurrer upon the ground, among others, that the obscene paper mentioned in each of the counts is not sufficiently described or identified to inform the defendant of the nature of the charge against him, or so that the judgment in this case would be a bar to another prosecution for the same offense.

In U. S. v. Harmon, 34 Fed. 872, there was an indictment under this same section of the Revised Statutes, in which the defendant was charged with mailing "a certain obscene, lewd, and lascivious paper and publication, of an indecent character, called 'Lucifer,'" which paper, it was alleged, was "so obscene, lewd, and lascivious

as to dispense with the incorporation of the words and figures in this indictment." The court held that the identification of the obscene paper was insufficient and sustained a demurrer to the indictment. In passing upon the question the court says:

"The accused are entitled to be informed of the specific charge made against them, and it must be sufficiently explicit and definite to enable them to prepare their defense and present their evidence, and, further, to enable them, in any future prosecution for the same offense, to make the plea of autrefois acquit or autrefois convict. * * * It is not sufficient for the grand jury to allege that the contents of the paper are too obscene to be spread upon the records, and omit every means of identification. Surely, the objectionable matter can be described or identified in some way without giving offense to the court, or defiling its records with scandalous and indecent matter. The date of the paper, the title of the article, or its general tenor and purport, couched in decent language, would serve to make the charge definite and certain."

In U. S. v. Clarke, 40 Fed. 325, an indictment under this statute was held sufficient upon motion in arrest of judgment. But, in addition to the fact that the objection was made after judgment, it appeared that the defendant craved oyer of the paper before trial, and the court compelled the district attorney to produce and file the same for the defendant's inspection some days before the trial. Moreover, there was not an entire failure in that case, as in this, to describe the obscene writing in question. The paper was described as "a publication of an indecent character, beginning with the words following, to wit: 'As long as there is life, there is hope.'" In that case the court said:

"An allegation that a publication complained of is too indecent to be spread on the record merely obviates the necessity of setting out the contents of the publication in full, as would otherwise be required. It does not excuse the pleader for wholly omitting to describe it, or for describing it in language too general to advise the accused what particular publication or paper is intended."

These views are sustained in Com. v. Wright, 139 Mass. 382, 1 N. E. 411, and in People v. Hallenbeck, 52 How. Prac. 502, where statutes in terms like the one in question were under consideration.

In this case there is no attempt to describe the letter or writing upon which the charge is founded. It does not appear that this paper was without an address or signature or date. These are all means of identification. Even the absence of such features from the writing might aid in distinguishing it from other writings. The purport or meaning of a writing, however obscene, is capable of explanation in decent language, or at least of some explanation that will suffice to establish its identity. The demurrer is sustained.