## THE UNITED STATES OF AMERICA *vs.* LEE KAI FAI

### November 15, 1910.

*Indictment—Statutory crimes:* The general rule is that it is sufficient for an indictment to charge a statutory offense in the language of the statute, where, by so doing, the accused is sufficiently apprised of the nature of the accusation against him. But to this rule there is the qualification that if, the language so followed does not fully and without uncertainty and ambiguity describe the offense charged so as to enable the accused to prepare his defense and to plead the judgment in bar to any subsequent prosecution for the same offense, additional particulars must be alleged.

*Same—Sufficiency of allegations:* In an indictment for feloniously depositing in the mails of the United States non-mailable matter consisting of a newspaper, while it is not necessary to set forth the language which is alleged to be too obscene or indecent to be spread on the records of the court, it is necessary to describe the newspaper and identify the obscene matter sufficiently to apprise the accused of what particular paper or article therein is intended.

*Criminal Law*: Demurrer to indictment under sec. 211 of the criminal code.

*W. T. Rawlins,* Assistant District Attorney, for the United States.

*E. M. Watson,* for the Defendant.

ROBERTSON, J. In the indictment in this case it is alleged

that the defendant "did knowingly, unlawfully and feloniously deposit, and cause to be deposited, for mailing and delivery, in the mails of the United States of America, and in a post-office of the United States of America, to-wit, the post-office at Honolulu, on the Island of Oahu, within the Territory and District of Hawaii, with the postage thereon prepaid, certain non-mailable matter, to-wit, one newspaper named and called 'Sun Chung Kwock Bo,' addressed to a person to the grand jurors unknown; the said newspaper then and there being obscene, lewd, lascivious, filthy, and of an indecent character, and containing matter therein too obscene, lewd, lascivious and filthy, and of too indecent a character to be spread upon the records of this court," etc.

The defendant demurs on the grounds, (1) that the indictment does not set forth an offense against the laws of the United States; and, (2) that it is fatally defective in substance, in that it does not inform the defendant of the nature and cause of the accusation against him, as required by the Sixth Amendment to the Constitution.

The contention is that the newspaper referred to in the indictment is not sufficiently described or identified, and that the matter contained therein which is claimed to be obscene is not indicated so as to enable the defendant to prepare his defense.

The general rule is that it is sufficient for an indictment to charge a statutory offense in the language of the statute, where, by so doing, the accused is sufficiently apprised of the nature of the accusation against him. *United States v. Charlie Ah Foo,* decided by this court, March 12, 1910 (Ante p. 487).

But to this rule there is the qualification that if, in following the language of the statute there is a failure to cover every element of the offense sought to be charged, or if the language so followed does not fully and without uncertainty or ambiguity apprise the accused of the nature of the accusation against him so as to enable him to prepare his defense and to plead the judgment in bar to any subsequent prosecution for the same offense, additional particulars must be alleged. *United States v.*

*Cruikshank,* 92 U. S. 542; *United States v. Hess,* 124 U. S. 483; *United States v. Carll,* 105 U. S. 611.

Opposing counsel both rely on the case of *Rosen v. United States,* 161 U. S. 29. But that case is not in point because there the newspaper which, it was alleged, contained the non-mailable matter was described with particularity. And in the case of *Dunlop v. United States,* 165 U. S. 486, it will be observed, the indictment gave the date, edition and number of the paper, and specified the page on which the article referred to appeared. The *Rosen* case settled the proposition that it is not necessary to set forth the obscene matter in the indictment if it is alleged that it is too obscene and of too indecent a character to be spread upon the records of the court. The point here raised, however, does not seem to have been passed on by the Supreme Court in any adjudged case.

A "newspaper" may be generally defined as a publication conveying intelligence of current events and issued for general circulation at frequent and regular intervals.

To charge one with having deposited in the post-office a certain newspaper without giving any further particulars by which it may be identified, such as the date, number or other description; or, if only a simple article contained in the paper is relied on, not to refer to it by page, title or otherwise, would render it difficult, and, perhaps, impossible for the accused to take any steps in the preparation of his defense before the production of the government's evidence on the trial of the case.

The provision contained in the Sixth Amendment was intended to secure the necessary information for the accused before his trial is commenced.

That such an indictment as the one involved in this case is insufficient was held in *United States v. Harmon,* 34 Fed. 872, and *United States v. Fuller,* 72 Fed. 771. In *United States v. Clarke,* 40 Fed. 325, the court said, "An allegation that a publication complained of is too indecent to be spread on the record, merely obviates the necessity of setting out the contents of the publication in full, as would otherwise be required. It

does not excuse the pleader for wholly omitting to describe it, or for describing it in language too general to advise the accused of what particular publication or paper is intended."

The demurrer is sustained.