## STATE v. C. S. BARNES, JR.

(Filed 20 January, 1961.)

1. **Assault and Battery § 14—**
   Testimony to the effect that defendant intentionally pointed a "gun" at the prosecuting witness is sufficient to be submitted to the jury under a warrant charging that defendant intentionally assaulted the prosecuting witness by pointing a "pistol" at her, a gun being a generic term which includes pistol, and there being nothing in the record to indicate that the weapon which defendant pointed at the prosecuting witness was not a pistol. G.S. 14-34.

2. **Indictment and Warrant § 15—**
   A motion to quash is the proper method of testing the sufficiency of a warrant or indictment to charge a criminal offense.

3. **Constitutional Law § 28:  Indictment and Warrant § 9—**
   Every person accused of crime has a right to be informed of the accusation against him with sufficient definiteness to identify the offense, to protect the accused from being twice put in jeopardy for the same offense, to enable the accused to prepare for trial, and to enable the court to proceed to judgment and pronounce sentence according to the rights of the case.

4. **Indictment and Warrant § 9—**
   While it is ordinarily sufficient to charge a statutory offense in the

language of the statute, when the statute characterizes the offense in general terms or does not sufficiently set forth all of the essential elements of the offense, the statutory word must be supplemented by allegations which set forth every essential element of the offense and explicitly identify it.

**5. Obscenity—**

In a prosecution for purposely and knowingly disseminating obscene pictures and photographs, it is not necessary that the pictures or photographs be particularly described, and the obscene material need not be attached to the warrant or indictment, but it is required that they be sufficiently described so that they may be identified, and a warrant which merely characterizes them in general terms as appealing to prurient interest in nudity and sex, is insufficient to charge the offense with sufficient definiteness, and motion to quash should have been allowed. G.S. 14-189.1(a)

**6. Indictment and Warrant § 16—**

The quashal of a warrant for its failure sufficiently to charge the offense will not bar a future prosecution on a valid warrant.

APPEAL by defendant from *Hobgood, J.,* March 1960 Regular Criminal Term, of WAKE.

Two criminal actions consolidated for trial and tried *de novo* on two warrants, on appeals from adverse judgments in the Recorder's Court for Cary, Meredith and House Creek Townships, Wake County.

The first warrant charged defendant on 18 May 1959, at and in the boundaries of Cary, Meredith and House Creek Townships, with unlawfully and wilfully assaulting Margaret Matthews with a deadly weapon, to wit, a pistol, by pointing the pistol at her.

The second warrant reads as follows: "Jerry G. Gilchrist, being duly sworn, complains and says that at and in the said county of Wake, and within the boundaries of the town of Cary; Cary, Meredith and House Creek Townships, on or about the 18th day of May 1959, C. S. Barnes, Jr. did: 1. Unlawfully, purposely and knowingly disseminate obscenity by delivering, providing, and offering, obscene pictures and photographs, having a predominant appeal to the prurient interest by having a shameful and morbid interest in nudity and sex and going substantially beyond the customary limit of candor in presentation of such matters, to Linda Matthews, Dorothy Matthews, and Joanne Matthews, being children under the age of 16 years, in violation of G.S. 14-189.1 (a) (1). 2. Did unlawfully, purposely and knowingly disseminate obscenity by exhibiting obscene pictures and photographs having a predominant appeal to the prurient interest by having a shameful and morbid interest in nudity and sex and going substantially beyond the customary limit of candor in presen-

tation of such matters, to Linda Matthews, Dorothy Matthews and Joanne Matthews, being children under the age of 16 years in violation of G.S. 14-189.1 (a) (3), and 3. Did knowingly and intentionally possess obscene matter, namely photographs and pictures having a predominant appeal to the prurient interest by having a shameful and morbid interest in nudity and sex and going substantially beyond the customary limits of candor in presentation of such matters, with the purpose of disseminating it unlawfully, and did in fact disseminate said obscene matter to Linda Matthews, Dorothy Matthews and Joanne Matthews, being children under the age of 16 years in violation of G.S. 14-189.1 (d) and contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

Defendant before pleading moved to quash the second warrant. The motion was denied, and defendant excepts.

Whereupon, defendant entered pleas of not guilty to the charges in both warrants.

Jury Verdict: Guilty as charged in both cases, with a recommendation for mercy.

Judgment on first warrant: Sixty days in jail to be assigned to work the public roads, roads' sentence suspended upon the payment of a fine of $50.00 and the costs.

Judgment on second warrant: Six months in jail to be assigned to work the public roads, roads' sentence suspended upon the payment of a fine of $200.00 and the costs.

From these judgments, defendant appeals.

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*

*I. Beverly Lake and Ellis Nassif for defendant, appellant.*

PARKER, J.

## FIRST WARRANT — ASSAULT CASE.

Margaret Matthews, mother of the children Linda, Dorothy and Joanne Matthews named in the second warrant, testified as a witness for the State that on 18 May 1959 in the yard of her home the defendant, C. S. Barnes, Jr., pointed a gun at her.

The word gun is a generic term and includes pistol. According to Webster's New International Dictionary, 2d. Ed., the word "gun" is defined, "6. A revolver or pistol. *Orig., Western U. S.*" In common usage the words "pistol" and "gun" are used interchangeably.

*Muse v. Interstate Life & Accident Co.,* 45 Ga. App. 839, 166 S.E. 219; *State v. Christ,* 189 Iowa 474, 177 N.W. 54; *State v. Barrington,* 198 Mo. 23, 95 S.W. 235. There is nothing in the record or in defendant's brief to suggest that the weapon defendant pointed at Margaret Matthews was not a pistol. Her testimony was sufficient to carry the case to the jury on the first warrant, as tending to show a violation of G.S. 14-34 — assault by pointing gun or pistol. There is nothing in the record, or in defendant's assignments of error, or in his brief to justify a discussion or a new trial in the assault case. Defendant's brief discusses only the case charged in the second warrant. In the trial of the assault case, which assault is charged in the first warrant, we find no error.

## SECOND WARRANT — OBSCENE PICTURES.

Defendant, in apt time, moved orally to quash the second warrant before pleading to it. *S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404. The court overruled the motion, and defendant excepted.

Defendant challenges the sufficiency of the second warrant to inform him of the accusation against him. A motion to quash is a proper method of testing the sufficiency of a warrant or an indictment to charge a criminal offense. *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917; *S. v. Scott,* 241 N.C. 178, 84 S.E. 2d 654.

The Constitution of North Carolina, Article I, § 11, guarantees that in all criminal prosecutions every person has the right to be informed of the accusation against him.

Similar provisions in the U. S. Constitution (which are not a restriction on the States in this respect, 42 C.J.S., Indictments, p. 957), and in the Constitutions of the various States, which are a substantial redeclaration of the common law, are one of the chief glories of the administration of the criminal law in our courts, for they are in strict accord with our inherited and "traditional notions of fair play and substantial justice."

This Court said in *S. v. Greer, supra:* "The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the

court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case."

"It is an essential of jurisdiction that a criminal offense shall be sufficiently charged in a warrant or an indictment." *S. v. Strickland*, 243 N.C. 100, 89 S.E. 2d 781.

"An indictment or information for having in possession, exhibiting, or offering for sale an obscene drawing or picture need not particularly describe in what the obscenity consists, and the obscene matter need not be set up; but good pleading requires that if a copy of the pictures is not given, such a description as decency permits should be given, and then the indictment should contain an averment that the pictures are too obscene, lewd or lascivious for further description or recital." 67 C.J.S., Obscenity, § 11, b. Pictures, p. 36.

"The rule requiring that the article or matter shall be so described as to be capable of identification does not require that the indictment shall go into detail in describing a picture, or that it must set out the substance of an obscene article. To do this would be as objectionable as setting out the article or matter itself, the placing of which on the records the indictment seeks to excuse on account of its gross obscenity. All that is required is that the article shall be so described as to render it capable of identification." 33 Am. Jur., Lewdness, Indecency and Obscenity, § 18, In Prosecution for Obscenity, p. 26. To the same effect see Joyce on Indictments, 2nd Ed., Sections 421, 422 and 423.

*Commonwealth v. Sharpless*, 17 Penn. 91, 2 Sergeant & Rawle 91, 7 Am. Decisions 632, was an indictment for exhibiting an obscene picture. There was a motion for arrest of judgment on the ground that the picture is not sufficiently described in the indictment. The indictment described the picture as "a certain lewd, wicked, scandalous, infamous, and obscene painting, representing a man in an obscene, impudent, and indecent posture with a woman." The description was held sufficient, and the motion in arrest of judgment was overruled.

In *Reyes v. State*, 34 Fla. 181, 15 So. 875, defendant was convicted of improperly printing books and pamphlets, in violation of Rev. St., § 2620. The indictment charged that defendant did "print, publish, and distribute certain printed and written paper containing obscene language and an obscene figure or picture, manifestly tending to the corruption of the morals of youth." Defendant moved in arrest of judgment on the ground that the indictment was insufficient, for the reasons, *inter alia*, that it did not apprise him of the true character of the charge so as to enable him to prepare his defense, and was

not sufficient to protect him from a second prosecution for the same offense. The Court in holding that the motion should have been granted, and judgment arrested said: "The indictment wholly fails to set out in *haec verba,* or to give any description whatever of, the alleged 'printed and written paper containing obscene language and an obscene figure or picture,' which it charges the defendant with printing, publishing, and distributing. The authorities are practically unanimous that such an indictment is insufficient."

In *Vannoy v. State,* 94 Fla. 1175, 115 So. 510, the indictment did not set out the "printed paper containing obscene prints, figures, and pictures" by any certain description, or give any excuse for failure to do so. The Court reversed the lower court on authority of *Reyes v. State, supra.*

In *Thomas v. State,* 103 Ind. 419, 2 N.E. 808, the Court said: "It has been many times held, and it seems to be now the general American doctrine, that in a case like this the obscene book or paper need not be set out in the indictment if it be properly described, and the indictment contains the averments that it is so obscene that it would be offensive to the court, and improper to be placed on the records thereof, and that, therefore, the grand jury did not set it forth in the indictment."

*Commonwealth v. Wright,* 139 Mass. 382, 1 N.E. 411, was an indictment for publishing and distributing a printed paper containing obscene, indecent, and impure language. In both counts it is alleged to be a paper so obscene in its character that it cannot with decency be spread upon the records of the court. No general description of it by title or contents is given in the indictment, nor are any other means afforded thereby which would distinguish it from any other paper of its class. Before trial defendant moved to quash the indictment, among other reasons, because it afforded no proper description of the alleged obscene paper. The Court in sustaining the exception and quashing the indictment said: "But, while the indecent publication need not be set forth at length, and it is sufficient in the indictment to allege, as an excuse for not doing so, its scandalous and obscene character, it must be identified by some general description which shall show what the paper is which the defendant is charged with publishing. Unless this is done, it is obvious that the defendant is not informed with such precision as the law requires of the offense charged against him, and may be entirely deceived in regard to the paper to which the obscene character is attributed. Nor would the indictment afford the protection to the defendant to which he is entitled should he be subsequently indicted for the same offense." See *Commonwealth*

*v. Dejardin,* 126 Mass. 46, 30 Am. Reports 652; *Commonwealth v. McCance,* 164 Mass. 162, 41 N.E. 133.

In *State v. Zurhorst,* 75 Ohio St. 232, 79 N.E. 238, 9 Am. & English Ann. Cas. 45, the defendant was indicted for violation of an Ohio statute prohibiting the possession or disposition of obscene matter. The first count in the indictment charged that defendant "unlawfully did have in his possession two hundred and twenty-one copies of a certain article of an indecent and immoral nature, to wit, a certain printed pamphlet of an indecent and immoral nature, entitled 'Circular Number One — A Biographical Sketch of a Few Short Skate Politicians,' etc." The Court held this to be sufficient. Following the report of the case in 9 Am. & English Ann. Cas. is a valuable note, entitled "Sufficiency of Description of Obscene Matter in Indictment or Information for Publishing, Distributing, or Mailing Same."

In *State v. Miller,* (W. Va. — 1960), 112 S.E. 2d 472, 477, the indictment charging defendant with distributing obscene pictures is set out. The indictment in both counts avers a general description of the obscene pictures.

The following cases support the rule that the warrant or indictment shall, at least, so describe the alleged obscene matter or pictures, as to render them capable of identification. *People v. Hallenbeck,* (N. Y.), 52 How. Prac. 502; *People v. Kaufman,* 14 N.Y. App. Div. 305, 43 N.Y. Supp. 1046; *State v. Brown,* 27 Vt. 619; *State v. Hayward,* 83 Mo. 299.

In *S. v. Robbins,* 253 N.C. 47, 116 S.E. 2d 192, defendant was tried on an indictment charging that he did unlawfully "write and transmit certain letters using vulgar and obscene language without signing his true name thereto in violation of G.S. 14-394." The Court closed its opinion with this language: "The motion to quash should have been allowed. The bill was insufficient to charge a criminal offense. This conclusion will, of course, not prevent the solicitor from sending a bill adequately charging the transmission to a designated person of letters containing language prohibited by the statute *with such particularization of the language* so used as may be proper." Emphasis used here.

A bill of particulars will not supply any matter which the warrant must contain. *S. v. Cox,* 244 N.C. 57, 92 S.E. 2d 413; *S. v. Greer, supra.*

This Court said in *S. v. Cox, supra:* "Moreover, while it is a general rule prevailing in this State that an indictment for a statutory offense is sufficient if the offense be charged in the words of the statute, *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, the rule is inapplicable where the words of the statute do not in themselves inform the accused of the specific offense of which he is accused so as to enable him

to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, as where the statute characterizes the offense in mere general or generic terms, or does not sufficiently define the crime or set forth all its essential elements. In such situation the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged."

We held in S. v. Scott, supra, that an indictment charging defendant with resisting an officer in the language of G.S. 14-223 is insufficient. The Court said: "The allegations in a bill of indictment must particularize the crime charged and be sufficiently explicit to protect the defendant against a subsequent prosecution for the same offense." In S. v. Cox, supra, the warrant charged in the language of G.S. 14-204(7) that defendant did unlawfully "aid and abet in prostitution and assignation." The Court held the warrant was insufficient and overruled on that point S. v. Johnson, 220 N.C. 773, 18 S.E. 2d 358.

The second warrant here has no description of, and has no allegation or reference of any kind whatever to the alleged obscene photographs and pictures, so as to render them capable of identification. It affords no means at all which would distinguish the alleged obscene photographs and pictures from any other photographs and pictures of their class. The second warrant could refer to any obscene photographs and pictures. It is not sufficiently explicit, though it uses the relevant words of G.S. 14-189.1, to inform defendant of the accusation against him, and to protect him against a subsequent prosecution for the same offense. The trial court erred in not quashing the second warrant.

Like every other person on trial in the criminal courts, defendant is entitled to the full benefit of the constitutional provisions devised to protect the safety of all. To quote the language of Taylor, J., in S. v. Owen, 5 N.C. 452, "We cannot too strongly impress it on our minds that want of the requisite precision and certainty which may, at one time, postpone or ward off the punishment of guilt, may, at another, present itself as the last hope and only asylum of persecuted innocence."

Though the second warrant is fatally defective, it will not serve to bar further prosecution on a valid warrant. S. v. Miller, 231 N.C. 419, 57 S.E. 2d 392; S. v. Greer, supra.

Assault Case — No error.

Obscenity Case — Reversed.